## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No.: 2:26-mj-00025-KFW |
| FREDDY CASTRO-LEMA | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

The United States of America, by and through Andrew B. Benson, United States Attorney for the District of Maine, and Nicholas M. Scott, Assistant United States Attorney responds in opposition to Defendant Freddy Castro-Lema's Motion to Dismiss with Prejudice. (Dkt. 23). In response, the Government moves that the complaint be dismissed without prejudice, or, in the alternative, that this motion be held in abeyance pending the First Circuit's decision in *United States v. Pena de la Cruz*, No. 25-1648.

### BACKGROUND

On January 22, 2026, the Defendant was charged in one-count criminal complaint charging him with re-entering the United States after prior removal in violation of 8 U.S.C. § 1326(a). Dkt. 2. On that date, the Government filed a motion for Detention. Dkt. 1. The Defendant had his initial appearance on January 22. Dkt. 8. A detention hearing was held on January 29, and the Court denied the Government's motion for detention and issued an Appearance Bond and Order setting conditions of release. Dkts. 12-14. A preliminary hearing was concluded on February 2, and Court found probable cause supporting the complaint. Dkt. 20. The Defendant was released from detention on February 2, 2026. Dkt. 19.

1

After being released, the Defendant was taken into custody by United States Immigration and Customs Enforcement (ICE) pending removal. Following the defendant's release from custody in the criminal matter, and because the defendant was illegally present in the United States, he was transferred to ICE custody for further proceedings consistent with the INA, including reinstatement of his previous Order of Removal. *See* 8 U.S.C. § 1321(a)(5).[1] The Government has been advised that the Defendant was removed from the United States to Ecuador on or about February 19, 2026.

On March 23, 2026, the Defendant filed the instant motion to dismiss the complaint with prejudice. Dkt. 23.

**ARGUMENT**

**The Court should dismiss the complaint without prejudice.**

## I. The Speedy Trial Act

The Speedy Trial Act provides for dismissal either with or without prejudice to the government's ability to re-indict:

---

[1]     Pursuant to 8 U.S.C. § 1321(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." Section 1231(a)(5) "applies 'to all illegal reentrants . . . .'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021) (citation omitted).

Once an alien is ordered removed, the Department of Homeland Security ("DHS") must remove him from the United States within a 90-day "removal period." *See Guzman Chavez*, 594 U.S. at 528 (*citing* 8 U.S.C. § 1231(a)(1)(A)). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. *See id. (citing* 8 U.S.C. § 1231(a)(1)(B)). "During the removal period, detention is mandatory." *Id.* (*citing* 8 U.S.C. § 1231(a)(2)). Under 8 U.S.C. § 1231, the removal period may be extended past the 90 days in limited circumstances. *Id.* at 528-29.

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a).

The First Circuit has held that courts must also consider prejudice to the defendant, *United States v. Worthy*, 772 F.3d 42, 46 (1st Cir. 2014), and the length of the delay, *United States v. Hastings*, 847 F.2d 920, 924 (1st Cir. 1988). But it has made clear that "[i]n considering the question, [the judge] must start from a level playing field; there is no presumption either way." *Id.* The Supreme Court held that "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." *United States v. Taylor*, 487 U.S. 326, 334 (1988).

Taking the applicable factors in turn, the Government provides the following analysis.

**Seriousness of the offense**:

If convicted of violating 8 U.S.C. § 1326(a), the Defendant will be subject to a sentence of up to two years of imprisonment, a period of supervised release of 1 year, and a fine of up to $250,000. The likely guideline sentencing range would be 0-6 months of imprisonment.

**The facts and circumstances of the case which led to the dismissal**:

In this matter, the Defendant was removed from the United States prior to the filing of an Indictment or the dismissal of the complaint. As suggested by the Defendant, the Government simply lost track of the Indictment deadline. Consequently, the Government neglected to move to dismiss the complaint prior to the indictment

3

deadline. Nonetheless, "[w]here... the actual speedy trial violation resulted solely from neglect rather than intentional misconduct, that circumstance tips ever so slightly in favor of dismissal without prejudice." *United States v. Barnes*, 159 F.3d 4, 17 (1st Cir. 1998). *See also*, *United States v. Taylor*, 487 U.S. 326, 339 (1988) (explaining that a finding of "something more than an isolated unwitting violation" is needed for undue delay to weigh in favor of dismissal with prejudice). Here, there was no bad faith or intentional misconduct, nor has the Defendant alleged any.

**Impact of a Reprosecution on the Administration of the Speedy Trial Act and on the Administration of Justice**

The First Circuit has noted that "[t]here is little doubt that the harsh remedy of dismissal with prejudice has greater deterrence value than its counterpart. But considerations of general deterrence are not dispositive or else dismissal with prejudice would impermissibly become the preferred tool." *United States v. Barnes*, 159 F.3d 4, 17-18 (1st Cir. 1998) (citation omitted). Where "the delay was the result of a single, apparently earnest error, extreme deterrence is not necessary." *United States v. Fernandez*, No. 2:18-CR-027-NT, 2018 WL 2452951, at *3 (D. Me. May 31, 2018). Here, the Defendant has acknowledged, and the Government agrees that the delay in dismissing the complaint was due to an oversight by the Government. There is no evidence that "the delay was purposeful, unduly prejudiced the defendant, or provided the government with a tactical advantage" and thus the interests of justice favor dismissal without prejudice. *Id.* Further, "[d]ismissal with prejudice is "a last and rare resort." *United States v. Dessesaure*, 556 F.3d 83, 85 (1st Cir. 2009).

4

**Length of Delay:**

The delay amounts to approximately 19 days, from March 4, 2026, the date by which the Government was required to indict or dismiss the complaint, to March 23, 2026, the date on which the Defendant filed the instant motion. Courts have dismissed without prejudice over a defendant's objection where speedy trial violations involved much longer periods of delay. *See e.g. United States v. Kifwa*, No. 2:19-CR-194-DBH-01, 2020 WL 5913987, at *7 (D. Me. Oct. 6, 2020) (95 plus days of delay).

**Lack of Prejudice to the Defendant:**

The Defendant does not allege that he suffered any prejudice because of the Government's failure to indict or dismiss the complaint within the time limit set forth in the Speedy Trial Act. Here, the Defendant could not show that the delay resulted in any prejudice. The delay did not result in the Defendant being detained, as he was released with respect to this matter on February 2, 2026, prior to the indictment deadline. Since the Defendant was detained by ICE and removed from the United States following his release in this matter, he has never been subject to the conditions of release. Accordingly, the delay in dismissing the complaint did not result in the Defendant being subject to conditions of supervised release during the period of delay. Had the Government not overlooked the deadline, it would have timely filed a motion to dismiss the complaint pursuant to Fed. R. Crim P. 48(a), and the Defendant would be in the exact same position he is in now.  Accordingly, there has been no prejudice to the Defendant.

## II. The Defendant's Lawful Removal from the United States Does Not Weigh in Favor of Dismissal with Prejudice

As noted above, there are sound reasons for the Court to dismiss without prejudice, notwithstanding the Speedy Trial Act violation. The fact that The Defendant was removed from the United States by ICE does change the analysis. The Bail Reform Act (BRA) does not prohibit ICE from detaining and removing those—like the Defendant—subject to removal under the Immigration and Naturalization Act (INA). All seven circuits to address the issue have held that ICE has authority under the INA to detain and remove defendants in pending federal prosecutions who have been released pursuant to the BRA. *See United States v. Baltazar-Sebastian*, 990 F.3d 939, 944-47 (5th Cir. 2021); *United States v. Barrera-Landa*, 964 F.3d 912, 918-23 (10th Cir. 2020); *United States v. Pacheco-Poo*, 952 F.3d 950, 952-54 (8th Cir. 2020); *United States v. Lett*, 944 F.3d 467, 470-473 (2d Cir. 2019); *United States v. Soriano Nunez*, 928 F.3d 240, 244-47 (3d Cir. 2019); *United States v. Vasquez-Benitez*, 919 F.3d 546, 552-554 (D.C. Cir. 2019); *United States v. Veloz-Alonso*, 910 F.3d 266, 268-70 (6th Cir. 2018). This is so because "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective," *Morton v. Mancari*, 417 U.S. 535, 551 (1974), and "there is no statutory conflict between the detention-and-release provisions of the BRA and the INA," *Lett*, 944 F.3d at 470.

Nothing in the BRA overrides Congress's directive in the INA that a removable noncitizen "'shall be detained' pending removal proceedings unless that alien is 'clearly and beyond a doubt entitled to be admitted.'" *Lett*, 944 F.3d at 470 (quoting 8 U.S.C.

6

§1225(b)(2)(A)). Further, "[d]etention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities," *Vasquez-Benitez*, 919 F.3d at 552. Thus, the Government may "pursue both criminal prosecution and removal simultaneously" and a court cannot "order the Executive Branch to choose between criminal prosecution and removal," *Lett*, 944 F.3d at 471. *See also*, *Barrera-Landa*, 964 F.3d at 919 (quoting these passages from *Lett*).

The Defendant cites several instances where district courts have held that the Government must choose between proceeding with a criminal prosecution or removal. *See United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1136 (M.D. Fla. 2015); *United States v. Ventura*, 2017 WL 5129012. At *2 (E.D.N.Y. Nov. 3, 2017); *United States v. Castillo*, 537 F. Supp. 3d 120, 129 (D. Mass. 2021); *United States v. Blas*, 2013 WL 5317228, at *3 (S.D. Ala. Sept. 20, 2013); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1170 (D. Or. 2012). Notwithstanding these lower court decisions, this Court should be persuaded by the 2nd and 10th Circuits that the Executive Branch cannot be forced to choose between criminal prosecution and removal. *See Lett*, 944 F.3d at 471, *Barrera-Landa*, 964 F.3d at 919.

Because ICE acted lawfully in detaining and removing the Defendant pursuant to the INA, ICE's actions provide no basis for dismissal with prejudice. There is nothing to suggest, and the Defendant does not allege, that his removal was the result of bad faith, harassment, meant to gain tactical advantage, or intended to prejudice him with respect to criminal prosecution. Accordingly, the Defendant's removal provides no reason to dismiss with prejudice under the Speedy Trial Act. Similarly, dismissal without

prejudice would not be warranted had the Government moved to dismiss under Fed. R. Crim. P. 48(a).[2]

In addition, the First Circuit has taken a similar issue under advisement in *United States v. Pena de la Cruz*, No. 25-1648 (Argued December 3, 2025). In *Pena de la Cruz,* the District Court entered a text Order stating that

> *Pursuant to this Court's order in this case, the government has properly given notice that it will deport Mr. de la Cruz on Tuesday, June 24, 2025. Mr. de la Cruz presently has serious pending unresolved criminal charges facing him in this District. In light of the previous litigation concerning this defendant, the Court treats this notice functionally as a motion to dismiss the pending indictment without prejudice in the interests of justice. The government has the power to dismiss a criminal case for any reason or no reason. As this Court has previously articulated herein, it is sophistry to both claim to be fully enforcing the law while at the same time quietly deporting a defendant to increase ICE[']s monthly catch limit. Upon Mr. de la Cruz[']s deportation, the indictment against him is dismissed with prejudice.*

*United States v. Pena de la Cruz*, No. 1:25-cr-10106-WGY, Dkt. 57 (D. Mass. 2025). On appeal, the Government contended that it may lawfully pursue both prosecution and removal, and that the Court should reverse and dismiss the indictment without prejudice. *Opening Brief for the United States*, *United States v. Pena de la Cruz*, No. 25-1648, (1st Cir. Aug. 13, 2025). The First Circuit granted stays in appeals presenting similar issues in *United States v. Maldonado Rodriguez* No. 26-1148 (March 13, 2026), and *United States v. Tamup Tamup* No. 25-2004 (December 30, 2025). These appeals concern dismissals by the Government pursuant to Fed. R. Crim. P. 48(a), and the instant matter concerns a dismissal pursuant to the Speedy Trial Act. Nonetheless, the

---

[2] Had the Government not overlooked the Indictment deadline here, it would have moved to dismiss the complaint without prejudice, pursuant to Fed. R. Crim. P. 48(a), due to the Defendant's removal from the United States. As the First Circuit has explained, "[c]ustomarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994).

8

ultimate issue is the same: whether a complaint or indictment may be dismissed with prejudice because a defendant has been removed pursuant to the INA.

The Government moves, in the alternative, that the Defendant's motion be held in abeyance pending the First Circuit's decision in *Pena de la Cruz* because the outcome of the appeal will dictate or at least heavily inform the outcome of this motion. However, the better course here would be to dismiss the complaint without prejudice. Should the First Circuit's decision in *Pena de la Cruz* lend any support to the Defendant's argument, this issue could be addressed when and if he is indicted. *See United States v. Henderson*, 951 F. Supp. 2d 228, 231 & n.2 (D. Mass. 2013) (ordering indictment dismissed without prejudice and explaining that concerns regarding a renewed prosecution "can be addressed if necessary when and if the case is renewed"). In any event, the Defendant would not be prejudiced if the motion were held in abeyance because he has been removed from the United States and is not detained or subject to any release conditions.

Also relevant is that Defendant sought release knowing that he was the subject of an ICE detainer and a prior removal order. *See Tr. Preliminary Examination and Detention Hearing*, January 29, 2026. While his counsel suggested that he intended to contest removal, he and his counsel were on notice that removal was likely, or at least possible. A defendant could choose to forgo release pursuant to the Bail Reform Act and avoid the possibility of removal prior to resolution of the criminal matter. Perhaps this would be an unlikely choice, since removal makes prosecution and conviction far less likely. Practically speaking, it is unlikely that the Defendant will be re-prosecuted in this matter unless he reenters the United States before the expiration of the 5-year period in

which he may be indicted. Though removal proceedings do not preclude a defendant from enjoying the protections of the BRA, they should not afford him the windfall of immunity from prosecution. Ultimately, the Defendant's decision to seek release should weigh against dismissal with prejudice, since he knew that release would be likely lead his removal before resolution of the criminal matter.

Wherefore, for the foregoing reasons, the Government respectfully requests that the Court dismiss the complaint without prejudice, or, in the alternative, hold this motion in abeyance pending the First Circuit's decision in *United States v. Pena de la Cruz*, No. 25-1648.

Dated: April 13, 2026

Respectfully Submitted,

ANDREW B. BENSON
United States Attorney

/s/Nicholas M. Scott
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Nicholas.Scott@usdoj.gov

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the Government's response in opposition to the Defendant's motion to reconsider and dismiss with prejudice with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated:  April 13, 2026.                    ANDREW B. BENSON
                                           United States Attorney

                            By:    /s/Nicholas M. Scott
                                   Assistant United States Attorney
                                   United States Attorney's Office
                                   100 Middle Street
                                   Portland, ME 04101
                                   (207) 780-3257
                                   Nicholas.Scott@usdoj.gov

11